IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GABRIEL BUITRON,
No. 96705-080,

    Petitioner,

vs.            CIVIL NO. 14-CV-00875-DRH

ERIC HOLDER, and
JAMES CROSS,

    Respondents.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

  Petitioner Gabriel Buitron, an inmate currently incarcerated in the Federal Correctional Institution at Greenville, Illinois, is before the Court pursuant to 28 U.S.C. § 2241, seeking a writ of habeas corpus. More specifically, Buitron challenges the Bureau of Prisons' execution of his sentence.

  This Section 2241 petition is before the Court for preliminary review. Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## Procedural History

In 1997, petitioner Buitron was convicted in Mexico of aggravated homicide; he was sentenced to imprisonment for 27 years, six months (330 months). Petitioner was transferred to the custody of the United States Bureau of Prisons to serve his sentence, pursuant to the Treaty Between the United States of America and the United Mexican States on the Execution of Penal Sentences, Nov. 25, 1976, 28 U.S.T. 7399 (hereafter "the Treaty"), and its implementing legislation,

Pursuant to 18 U.S.C. § 4106A(b)(1)(A), the United States Parole Commission adapted Buitron's foreign sentence so that it can be administered under the laws of the United States. The Commission concluded that Buitron should serve a full term of 312 months, *and* a 60-month term of supervised release, or until the full term of the foreign sentence—calculated to be February 14, 2025—whichever is earlier (*see* Doc. 1, pp. 2, 19-20, 23).[1]

Buitron appealed the Commission's determination to the Court of Appeals for the Fifth Circuit in accord with Section 4106A(b)(2)(B), which dictates that the determination proceed as though it were a sentence. The Commission's adapted

---

[1] The Parole Commission is required to "determine a release date and a period and conditions of supervised release . . . as though the offender were convicted in a United States district court of a similar offense." 18 U.S.C. § 4106A(b)(1)(A). *See also Odili v. U.S. Parole Comm'n*, 474 F.3d 1255, 1259 (11th Cir. 2007); *Asare v. U.S. Parole Comm'n*, 2 F.3d 540, 543 (4th Cir. 1993). In setting a release date and term of supervised release, the Parole Commission is constrained by 18 U.S.C. § 4106A(b)(1)(C), which provides that "[t]he combined periods of imprisonment and supervised release that result from such determination shall not exceed the term of imprisonment imposed by the foreign court on that offender."

sentence (which included an upward departure) was affirmed. *Buitron v. United States Parole Commission*, 73 Fed.Appx. 759 (5th Cir. 2003).

In 2004, Buitron filed what was construed as a Section 2241 petition raising Sixth Amendment challenges to the Commission proceedings. The petition was dismissed due to lack of jurisdiction because the grounds for relief should have been brought in the direct appeal to the Fifth Circuit. *Buitron v. Veltri*, Case No. 04-cv-676-WDS (S.D. Ill., Doc. 13 Filed Sept. 6, 2005). No appeal was taken.

In 2006, Buitron filed another attack upon the validity of the sentence conversion, challenging a wide variety of perceived constitutional defects in the Commission's proceedings. Buitron invoked 28 U.S.C. § 451 as the jurisdictional basis for the petition, but the Court perceived that Buitron was attempting to file a Section 2255 petition and dismissed the petition for lack of jurisdiction. *Buitron v. Warden*, Case No. 06-cv-421-DRH (S.D. Ill., Doc. 3 filed July 6, 2006). No appeal was taken.

Most recently, in 2013, Buitron filed a Section 2241 petition purportedly asserting a treaty violation relative to how the term of supervised release and good conduct credits are being imposed by the Bureau of Prisons—which he insisted was not a challenge to the Commission's sentence. The Court concluded that Buitron was in fact challenging the Commission's sentence, asserting claims not cognizable under Section 2241. Nevertheless, out of an overabundance of caution, the Court went on to analyze the claims, finding them meritless. Put

succinctly, it was explained that whenever Buitron was released from prison after the application of good conduct credits, his 60-month term of supervised release was capped so that the term of imprisonment and term of supervised did not, in combination, exceed the 330-month foreign sentence. *Buitron v. Holder, et al.*, Case No. 13-cv-974-DRH (S.D.Ill., Doc. 23 filed Feb. 10, 2014). No appeal was taken.

The current Section 2241 petition was filed six months after Buitron's 2013 Section 2241 petition was dismissed.

### The Petition

In dismissing Buitron's 2013 petition, the Court noted that if Buitron had truly been challenging the Bureau of Prisons' implementation of the sentence, he would have made arguments regarding the calculation of the good time credits and how they altered the release date. The Court went on to offer a detailed discussion of the sentence. Apparently construing the Court's comment as an invitation and ignoring the analysis of his sentence in the Court's previous decision, Buitron now offers some discussion of the calculation of his good conduct credits vis-à-vis, his release date and full-term sentence.

Buitron observes that a 312-month term of imprisonment and a 60-month term of supervised release total 372 months, which is well beyond the 330-month maximum sentence. He would calculate his sentence by working back from the 312 month mark, first by accounting for a 60-month term of supervised release, and then deducting the maximum number of good conduct credits possible,

which would result in release from prison on April 14, 2017, and the completion of his full aggregate sentence on April 14, 2022—totaling 278 months (*see* Doc. 1, p. 26).

## Analysis

Dissatisfaction with the Bureau of Prisons' determinations must be addressed in a habeas corpus petition in the federal district court where the transferred offender is incarcerated at the time the petition is filed. *Bishop* v. Reno, 210 F.3d 1295, 1303 n.11 (11th Cir. 2000); *Trevino–Casares v. U.S. Parole Comm'n,* 992 F.2d 1068, 1070 (10th Cir. 1993).

The thrust of the petition remains—as was argued in the 2013 petition—that a 312-month term of imprisonment followed by a 60-month term of supervised release violates the Treaty and the cap imposed under 18 U.S.C. § 4106A(b)(1)(C). In other words, Buitron is still attempting to challenge the sentence imposed by the Parole Commission, an attack not cognizable under Section 2241. *See Bennett v. Parole Comm'n*, 83 F.3d 324, 328 (10th Cir. 1996). In any event, Buitron's arguments regarding the execution of the sentence by the Bureau of Prisons will be addressed and this matter will be put to rest.

Buitron's position is fatally flawed. He steadfastly refuses to acknowledge that the Parole Commission capped his aggregate sentence, as required by 18 U.S.C. § 4106A(b)(1)(C). The Commission's adapted sentence clearly states that, based on an upward departure from the relevant Sentencing Guidelines sentence, Buitron was to remain in prison for 312 months (*see* Doc. 1, p. 19). Taking into

account full good conduct credit, his projected release date is June 29, 2021 (*see* Doc. 1, p. 19). Any "labor credits and good conduct time credits" from his time in Mexico would be deducted from that date (*see* Doc. 1, p. 19), but Buitron does not offer any discussion on that point. It was further ordered that after release from prison, Buitron is to serve "a 60 month period of supervised release, *or until the full term date of [his] foreign sentence currently calculated to be 2-14-2025, whichever is earlier*" (Doc. 1, p. 19)(emphasis added). Thus, Buitron incorrectly premises his sentencing calculation upon a mandatory full 60-month term of supervised release. The amount of time he will spend on supervised release will depend on how much time is left after his release from prison until he is capped by the 312-month full term of February 14, 2025—which is 312 months from the commencement of his time in the United States) (*see* Doc. 1, p. 19).[2]

The projected number of good conduct credits, which is key to determine how long Buitron can expect to spend on supervised release, does not appear to be in real dispute, in that the Bureau of Prisons calculation gives Buitron full credit at a rate of 54-days per year, totaling 1,223 days. Buitron uses that same rate in his otherwise flawed calculation (*compare* Doc. 1, p. 25 and p. 26).[3] With full credit, he is slated to be released from prison on October 10, 2021 (*see* Doc.

---

[2] As the Court has explained before, good conduct credits do not reduce the duration of Buitron's aggregate sentence, they only reduce the portion of his sentence that must be served in prison. *See* 28 C.F.R. § 2.68(a)(5).

[3] Buitron's mistake in working backward from a presumed 60-day term of supervised release causes him to compound his miscalculation with respect to the amount of time he would be imprisoned earning good conduct time. Thus, he projects that he would earn 1,028 days and be released on April 14, 2017 (*see* Doc. 1, p. 26).

1, p. 24). Consequently, he would spend 46 months and four days on supervision until his full term expires on February 14, 2025.

The Court finds no error in how the Bureau of Prisons has calculated Buitron's sentence; therefore, his Section 2241 petition shall be denied in all respects.

## Conclusion

**IT IS HEREBY ORDERED** that, for the reasons stated, Gabriel Buitron's Section 2241 petition for writ of habeas corpus (Doc. 1) is **DENIED** on the merits. The Clerk of Court is directed to enter judgment accordingly and close this case.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED.R.APP.P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED.R.APP.P. 24(a)(1)(C).

If petitioner does choose to appeal and is allowed to proceed as a pauper, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED.R.APP.P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal

deadline.  It is not necessary for petitioner to obtain a certificate of appealability.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**August 19, 2014**

Digitally signed by
David R. Herndon
Date: 2014.08.19
12:48:27 -05'00'

**Chief Judge**
**United States District Court**